UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOMINIC P. DOUGHALL, III,<br>    Plaintiff<br>v.<br>CAPT. JOHN BOATS, INC.,<br>    Defendant | CIVIL ACTION NO. 04-12416-RGS |

MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

The defendant Capt. John Boats, Inc. ("CJB"), has moved for partial summary judgment, establishing as a matter of law that it has no legal responsibility for an alleged rotator cuff tear to the plaintiff, Dominic P. Doughall III.  CJB reserves all other rights and defenses.

This memorandum builds upon and incorporates by reference the Statement of Material Facts contained in CJB's motion, including the Declaration of Dr. Timothy Foster attached to it.

Briefly, the evidence shows that Dominic Doughall had no rotator cuff tear as of May 8, 2002 — about a month *after* the trip he claims he took on the *Captain John & Sons III*.  This date is also more than a year *before* he had any diagnosis of a rotator cuff tear, and before he had any treatment for it.  That injury is the biggest part of his damage claim, and makes a great deal of difference to the valuation of it.  Resolution of this point will reduce the need for an entire body of evidence at trial, speed up the trial of the matter, and place the parties in a position to engage in more focused settlement negotiations.

### ARGUMENT

**I. DOUGHALL CANNOT ESTABLISH A PIVOTAL ELEMENT ON WHICH HIS CLAIM DEPENDS**

Doughall has claimed that he was injured on April 6, 2002 in a fall that he alleges occurs during a fishing trip aboard the defendant's vessel, *Captain John & Sons III*.  The largest component of his damages claim relates to his allegation that he suffered a rotator cuff injury while on board.

Plaintiff cannot recover damages related to an alleged rotator cuff injury unless he can prove *that* injury was caused by something that the defendant did or failed to do, and that amounted to negligence. Causation is an essential element of a claim of maritime tort, which is the governing body of law applicable here. Without it, the plaintiff's claim fails as to any element of damages not shown to be caused by the defendant. *See, e.g., Galentine v. Estate of Stekervetz*, 273 F. Supp. 2d 538, 544 (D. Del. 2003); *In re Queen of Heart Cruises, Inc.*, 1999 AMC 1550, 1999 U.S. Dist. LEXIS 4728 (S.D.N.Y. 1999).

The defendant's Statement of Material Facts and the Declaration of Dr. Timothy Foster show clearly that the defendant simply cannot be the cause of any rotator cuff injury to the defendant. According to Dr. Foster's professional medical opinion, the May 8, 2002 MRI shows that there was no rotator cuff injury present as of that date, and therefore there could have been no rotator cuff injury to Dominic Doughall on the April 6, 2002 fishing trip. This evidence is undisputed — no one who has taken account of that MRI has asserted that Doughall suffered a rotator cuff tear before that date. This means that no rational jury could find that the defendant is responsible for a rotator cuff injury to Mr. Doughall.

**II. THE SUPREME COURT'S SUMMARY JUDGMENT JURISPRUDENCE REQUIRES A RULING IN FAVOR OF THE DEFENDANT HERE**

When the facts of record show that a party cannot establish an element that is pivotal to an issue on which that party bears the burden of proof, summary judgment is appropriate. *Celotex v. Catrett*, 477 U.S. 317 (1986); *Ithier v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 394 F.3d 40 (1st Cir. 2005). Doughall's case depends on his ability to show that the some act of the defendant was responsible for him experiencing a rotator cuff tear, and the undisputed evidence is that no such injury could have occurred while he was aboard the defendant's boat in April of 2002. This means that CJB is entitled to a partial judgment ruling that CJB has no liability for any rotator cuff tear injury.

### CONCLUSION

Even if Doughall (hypothetically) could prove both liability *and that* Doughall actually fell on board the vessel, he would nevertheless be able to make a jury case that he suffered a rotator cuff tear while on board the defendant's vessel. This means that CJB is entitled to partial summary judgment exonerating it from any responsibility for any rotator cuff injury to Doughall, or any associated damages. It also means that no evidence should be received as to anything related to the alleged rotator cuff injury.

**WHEREFORE, INASMUCH AS** the application of the governing law to the undisputed facts (set forth in the Statement of Material Facts) entitles it to judgment as a matter of law ruling out any responsibility of the defendant for a rotator cuff tear to the plaintiff, CJB respectfully urges that partial summary judgment enter in its favor, that all evidence of rotator cuff injury be excluded from the evidence at trial, and that it be afforded any additional relief that the Court deems appropriate.

**CERTIFICATE OF SERVICE:** By my signature below, I hereby certify that on the date set forth below, I have electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the attorneys designated below as ECF recipients, and I hereby certify that on the same date, I have mailed, via United States Postal Service, the document(s) to the non-registered participants reflected below as being provided copies by mail.

Dated: February 15, 2006

*served upon:*
Kevin Donius, Esq.          *(By ECF Filing)*
Corcoran, FitzGerald & Hennessy, LLC
500 Granite Avenue
Milton, Massachusetts 02186

**CAPTAIN JOHN BOATS, INC.**
By its attorneys,

     /s/  Michael Rauworth
Michael J. Rauworth,  BBO# 547711
**CETRULO & CAPONE LLP**
World Trade Center East
Two Seaport Lane — 10th Floor
Boston, Massachusetts 02210
Tel: (617) 217-5500; fax: 617-217-5200

02006-0039
405627v1