UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12416-RGS

DOMINICK P. DOUGHALL, III, )
    Plaintiff, )
)
v. )
)
CAPT. JOHN BOATS, INC. )
    Defendant. )
)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND REQUEST FOR A HEARING**

The Defendant, Capt. John Boats, Inc., has filed a Motion for Partial Summary Judgment. The Plaintiff, Dominick Doughall, hereby opposes the Defendant's motion.

I.    INTRODUCTION

The Plaintiff injured his left shoulder on April 6, 2002 when he was tossed by rough seas while on the Defendant's fishing expedition boat. He was initially treated conservatively for impingement syndrome but went on to develop rotator cuff tendonitis resulting in two surgeries on July 21, 2003 and October 6, 2003. The Plaintiff's treating orthopedic surgeon, Michael Wiggins, M.D., has opined to a reasonable degree of medical certainty, that the Plaintiff's left shoulder injuries, including the two surgeries, were casually related to the fall on the fishing boat.

The Defendant, in reliance on an MRI taken on May 8, 2002, which did not reveal a rotator cuff injury, has filed a motion for partial summary judgment asserting that, as a matter of law, the rotator cuff injury cannot be causally related to the fall on April 6, 2003. The Defendant badly misapprehends the legal standard for summary judgment, the legal concept of proximate cause, and the medical facts relating to shoulder and rotator cuff injuries. In any event, without question, a factual dispute exists which precludes the requested summary judgment.

II. STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

1. Whether the Defendant's negligence played a substantial part in causing the Plaintiff's shoulder injuries for which he underwent two operations.

III. LEGAL ARGUMENT

A. Standard of Review.

Summary judgment is appropriate only when the record shows that "the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.55(c). In determining whether summary judgment is proper, the Court "view[s] all facts in the light most favorable to the nonmoving

party and indulge[s] all inferences advantageous to that party, provided they arise reasonably from the record." *Villanueva v. Wellesley College*, 930 F.2d 124, 127 (1st Cir.) (citation omitted), *cert.denied*, 502 U.S.861, 112S.Ct. 181 (1991). Here, a genuine dispute of material fact regarding the causal link between the Plaintiff's fall aboard the Defendant's vessel and his shoulder injuries precludes the allowance of the Defendant's motion for partial summary judgment.

    **B.  Proximate Cause Is A Question Of Fact For Jury**

"[P]roximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case." Prosser and Keeton, *On Torts* (5Th Ed), page 321 (citations omitted). In this case, as set forth below, there are competing expert witnesses who differ in their conclusions as to whether the original injury aboard the Defendant's vessel played a substantial part in causing the two surgeries. Under these circumstances it is for the jury, and not the Court, to determine the issue of proximate cause.

    **C.  A Factual Dispute Exists As To Whether Plaintiff's Fall Aboard Defendant's Vessel Played A Substantial Part In Causing His Shoulder Surgeries.**

In this case, as in virtually every case involving personal injury, a factual dispute exists as to whether, and the extent to which, the alleged injuries are causally related to the alleged negligence of the defendant. Accordingly, the allowance of the Defendant's motion would be clear error.

The Plaintiff's treating orthopedic surgeon, Michael Wiggins, M.D., has opined that the Plaintiff sustained impingent syndrome, rotator cuff tendonitis, and an AC joint strain of the left shoulder as a result of the April 6, 2002 fall aboard the Defendant's vessel and that to "a reasonable degree of medical certainty his left shoulder injuries, for which he was [treated] and operated on twice, were causally related to a fall on a fishing boat which occurred on April 6, 2002." See Affidavit of Michael Wiggins, M.D. and Medical Report dated June 4, 2004 attached thereto.

The Defendant has hired an expert, Dr. Foster, who based upon an early MRI which did not show a rotator cuff tear, has opined to the contrary. Oddly, Dr. Foster appears unfamiliar with the well-established medical understanding that rotator cuff injuries and other shoulder problems are often the end result of a chronic impingement, which is frequently precipitated by traumatic injuries. See Table 2, page 9, Allen E. Fongemie, et al., Management *of Shoulder Impingement Syndrome*

*and Rotator Cuff Tears*, American Family Physician, American Academy of Family Physicians publisher (February 15, 1998) (rotator cuff tear presents as end result of chronic impingement, frequently precipitated by injury), attached as Exhibit A to Affidavit of Kevin Donius submitted herewith.[1]

In any event, a MRI which is negative for a rotator cuff tear at most is some evidence that there was no tear at the time of the MRI; it does nothing to rule out the possibility that a tear developed at a later date due to structural abnormalities caused by the original trauma.

Should defense counsel choose to cross-examine Dr. Wiggins at trial regarding the MRI, he is free to do so. However, neither the MRI nor Dr. Foster's opinion establish, as a matter of law, that Plaintiff's surgeries were not causally related to the fall. Here, in addition to explicit testimony of the treating physician, Dr Wiggins, that the surgeries were causally related, a reasonable inference from the evidence is that the rotator cuff repairs and surgeries were the end result of a chronic shoulder problem caused by the trauma in the fall. A negative MRI and a hired expert willing to testify to the contrary are not dispositive.

---

[1] This article is submitted pursuant to F.R.E. 803(18) which allows the Court to take judicial notice of statements contained in medical periodicals.

IV. CONCLUSION

In short, because a dispute exists as to whether Mr. Doughall's surgeries were causally related to the incident underlying this lawsuit, the Defendant is not entitled to partial summary judgment.

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE: By my signature below, I hereby certify that on the date set forth below, I have electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys designated below as ECF recipients, and I hereby certify that on the same date, I have mailed, via United States Postal Service, the documents to the non-registered participants reflected below as being provided copies by mail.

Dated: March 15, 2006

        The Plaintiff,
        By his attorney,


        /s/ Kevin Donius
        Kevin Donius
        BBO #551297
        Law Offices of Kevin Donius, P.C.
        500 Granite Avenue
        Milton, MA  02186
        Telephone: 617-296-4900
        Facsimile: 617-696-6704

**Served Upon** *(By ECF Filing)*:

Michael J. Rauworth, Esq.
BBO# 547711
Cetrulo & Capone LLP
World Trade Center East
Two Seaport Lane - 10th Floor
Boston, MA  02210
TEL:: 617-217-5500
FAX: 617-217-5200